222 Pa. Superior Ct. 409 (1972)
Commonwealth, Appellant,
v.
Klein.
Superior Court of Pennsylvania.
Submitted April 10, 1972.
September 19, 1972.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*410 Carol Mary Los, Assistant District Attorney, and Robert W. Duggan, District Attorney, for Commonwealth, appellant.
Frank J. Lucchino, and Lucchino, Gaitens & Hough, for appellee.
OPINION BY CERCONE, J., September 19, 1972:
This is an appeal by the Commonwealth from the lower court's order sustaining defendant's demurrer to the Commonwealth's evidence on the ground that defendant had been entrapped. Defendant had been indicted on a bill alleging possession of narcotic drugs and dealing in narcotic drugs. At trial, the Commonwealth produced evidence as to the following:
The officer in this case, acting undercover, purchased narcotics (hash) from David Stanek. The officer requested a larger quantity than Stanek had available. Stanek then made arrangements for a meeting between the officer and the defendant who had the desired amount of narcotics for sale. As a result of this arrangement, defendant, whom Stanek had informed of the officer's desired purchase, sold the officer a quantity of marijuana. Upon this evidence the lower court *411 granted defendant's demurrer, holding defendant had been entrapped as a matter of law.
We disagree with this conclusion. In Commonwealth v. Kutler, 173 Pa. Superior Ct. 153, 156 (1953), we quoted from the decision of Mr. Justice HUGHES in Sorrells v. United States, 287 U.S. 435, 441, 53 S. Ct. 210, 212 (1932), as follows: "`It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises . . . A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute.'" (emphasis added)
The test is whether the criminal design was created by the officer or whether the officer merely afforded the opportunity for the commission of a crime by a person already disposed to commit that crime, in which case there is no entrapment. The instant case is an example of the latter. See Commonwealth v. Conway, 196 Pa. Superior Ct. 97 (1961) and Sherman v. United States, 356 U.S. 369, 372 (1958).
It is our conclusion that the lower court erred in granting defendant's demurrer, and the judgment of the lower court is accordingly reversed and a new trial ordered.
CONCURRING OPINION BY HOFFMAN, J.:
I concur in the result reached by the majority, but I believe one aspect of this case deserves additional comment.
In the instant case the Commonwealth presented its evidence, and appellee's demurrer was sustained. The *412 standard in ruling on a demurrer is "whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty." Commonwealth v. Collins, 436 Pa. 114, 259 A. 2d 160 (1969). "The trial court does not weigh the evidence, but merely applies the law to the admitted facts, and the test is not whether the court would find the defendant guilty on the evidence, but whether the evidence would be sufficient to sustain a verdict of guilty. . . ." 10A P.L.E. Criminal Law § 617 (1970). It is apparent that the lower court incorrectly sustained appellee's demurrer to the Commonwealth's evidence because it based its finding on an affirmative defense to the crime charged.
Although I agree with the majority that the evidence presented by the Commonwealth was sufficient to overcome appellee's demurrer, I cannot accept the majority's implication that appellee is now precluded, as a matter of law, from raising the defense of entrapment at his new trial. Since appellee did not have an opportunity to raise or argue the affirmative defense of entrapment, the viability of this defense must be determined by the trier of fact in the lower court.
When the defense of entrapment is in issue, the defendant bears the initial burden of showing that the Commonwealth induced his alleged offense. The appellee's initial burden of establishing that he was induced to commit the offense of selling narcotics was satisfied when the Commonwealth's undercover agent admitted at trial that he initiated the sale. United States v. Kros, 296 F. Supp. 972 (E.D. Pa. 1969); Sagansky v. United States, 358 F. 2d 195 (1st Cir. 1966).
Once there is a showing, by a preponderance of the evidence, that a defendant was induced, the burden then shifts to the Commonwealth to establish beyond a reasonable doubt that the defendant was predisposed *413 to commit the offense without the active encouragement of the Commonwealth. United States v. Kros, supra; Sagansky v. United States, supra.
I do not believe that appellant can be precluded from raising the defense of entrapment before he has had the opportunity to present his evidence. I therefore concur in reversing the order of the lower court and granting appellant a new trial.
SPAULDING, J., joins in this opinion.